UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 17-22208-CIV-MORENO**

CREARY VERNON KEMIEL ROBINSON,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER OF INDICATIVE RULING
UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1**

THIS CAUSE came before the Court upon a Limited Remand Order from the United States Court of Appeals for the Eleventh Circuit **(D.E. 28)**, the Petitioner's Memorandum of Law and Appendix in Support of Amended Motion to Vacate Conviction **(D.E. 29)**, and the Petitioner's Motion for Leave to Amend and/or Supplement his Pending Motion for Certificate of Appealability **(D.E. 32)**.

After a renewed assessment of the record, the Court identifies two substantial issues that warrant its further consideration: (1) the Petitioner's objections to the Report and Recommendation appear to be timely filed, and thus are entited to review on the merits; and (2) despite a thorough plea colloquy, the Court failed to advise the Petitioner of the immigration consequences of pleading guilty, and thus the Court is inclined to grant the Petitioner's Motion for Leave to Amend his initial Section 2255 motion.

Pursuant to Federal Rule of Civil Procedure 62.1 and Eleventh Circuit Rule 12.1-1, the Court submits this order of indicative ruling and respectfully requests that the Eleventh Circuit relinquish jurisdiction so that the Court may resolve these substantial issues.

## DISCUSSION

Federal Rule of Civil Procedure 62.1 allows a district court to issue an indicative ruling on a pending motion that implicates issues under consideration on appeal. *See* Fed. R. Civ. P. 62.1(a)(3) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."); *see also* 11th Cir. R. 12.1-1. Rule 62.1 applies only when rules "deprive the district court of authority to grant relief without appellate permission." Fed. R. Civ. P. 62.1, 2009 Advisory Committee Notes. In these situations, the district court may state that the motion raises a substantial issue and then state the reasons why it would be useful to decide the motion before a decision on the pending appeal. *See id.*

In view of both the core rule that district courts are divested of jurisdiction to decide issues under appellate review and the instructions in the Eleventh Circuit's Limited Remand Order, the Court submits this indicative ruling and respectfully requests that the Eleventh Circuit relinquish jurisdiction so that the Court may resolve the following substantial issues.

### 1. **TIMELINESS OF OBJECTIONS**

The first substantial issue is that it appears the Petitioner's objections to the Report and Recommendation were timely filed. Whether the Petitioner timely filed his objections depends on the date that he was *served* with the Report and Recommendation. *See* S.D. Fla. L. Mag. R. 4(b). Through multiple filings, the Petitioner argued that his objections, signed and dated on February 20, 2018, were timely filed because he was first served with a copy of the Report and Recommendation on either February 7 or 8 of 2018,[1] and thus his deadline to file objections was

---

[1] Four months after the Report and Recommendation was adopted, the Petitioner filed a letter, styled as an "Untimely Notice," that argued for the first time that he did not receive a copy

fourteen days later on February 21 or 22.[2] In these filings, the Petitioner explained that his attempts to obtain a copy of his mail log from the department of corrections—which would prove the date and time he received the Report and Recommendation and thus show that his objections were timely filed—were unsuccessful. (*See* D.E. 18 at 1; D.E. 19 at 1–2.)

Upon further review of the record and in view of the Eleventh Circuit's preference that cases be resolved on the merits, if jurisdiction is relinquished, the Court would find the Petitioner's objections timely filed and then rule on the merits.

2. **MOTION FOR LEAVE TO AMEND SECTION 2255 MOTION**

The second substantial issue relates to the Petitioner's Motion for Leave to Amend his initial Section 2255 motion. This Motion requests leave to add a new claim for ineffective assistance of counsel on grounds that his attorney failed to advise him as to the immigration consequences of pleading guilty. Further review of the record reveals that, despite a thorough plea colloquy, the Court failed to advise the Petitioner of the immigration consequences of pleading guilty. Consequently, the Court is inclined to grant the Motion for Leave to Amend to allow the Petitioner to add this claim—which undoubtedly "relates back" to his initial claims under Federal Rule of Civil Procedure 15(c).

---

of the Report and Recommendation until February 7, 2018. (D.E. 18 at 1.) In the Motion to Reopen Proceedings filed the next month, the Petitioner argued that his objections were timely filed because it was not until February 8, 2018 that he received a "response from the United States District Court stating that [his] objection to [his] 2255 motion . . . was untimely." (D.E. 19 at 1.) Although this argument was not precise as to what "response" he received from the "United States District Court," the Court now interprets this motion as arguing the Petitioner did not receive the Report and Recommendation from the Magistrate Judge until February 8, 2018.

[2] In response to the Petitioner's objections, the Respondent argued the "objections were due on January 26, 2018" because the Report and Recommendation was "entered on January 11, 2018," and thus the objections dated February 20, 2018 were filed untimely. (D.E. 17 at 1.) This position, however, failed to appreciate that the Petitioner could not receive electronic service of court filings while incarcerated.

### 3. REQUEST TO RELINQUISH JURISDICTION

The Court currently lacks jurisdiction to rule on the issues outlined above because the Petitioner's notice of appeal was "an event of jurisdictional significance" that has divested the Court of control over aspects of this case that are involved in the appeal. *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (citations omitted). In addition, the Limited Remand Order makes clear that the Eleventh Circuit is retaining jurisdiction of this appeal and holding the case in abeyance pending disposition of the limited remand proceedings. (D.E. 28.)

Here, the Petitioner appealed the Court's order denying the Motion to Reopen Proceedings on grounds that his objections to the Report and Recommendation were timely filed, and thus the Court erred by not considering them. (*See* D.E. 21.) The resolution of the Petitioner's appeal depends on the timeliness of his objections; and in addition, the Petitioner's pending motion to amend his intial Section 2255 motion is inextricably intertwined with his appeal because affirmance would render the new claim successive. Given the Eleventh Circuit's instructions in the Limited Remand Order, the Court finds that it lacks jurisdiction to both review the objections on the merits and to grant the Motion for Leave to Amend.

### CONCLUSION

For these reasons, it is

**ADJUDGED** that if the Eleventh Circuit declines to relinquish jurisdiction, the Court will **GRANT** a certificate of appealability because the Petitioner has made a substantial showing of the denial of a constitutional right under 28 U.S.C. Section 2253(c)(2).

But alternatively, if the Eleventh Circuit relinquishes jurisdiction, the Court will effectuate its indicative ruling.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20 of November 2019.

```
                    FEDERICO A. MORENO
                    UNITED STATES DISTRICT JUDGE
```

Copies furnished to:

United States Court of Appeals for the Eleventh Circuit

Counsel of Record

Creary Vernon Kemiel Robinson
13436-104
Yazoo City Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Yazoo City, MS 39194
<u>Pro Se</u>